ARNOLD et al. v. HUNTINGTON CANAL & RESERVOIR ASS'N.

No. 4123.   Decided November 17, 1924.   Rehearing Denied December 31, 1924.   (231 Pac. 622.)

1.   WATERS AND WATER COURSES—TRANSFER OF WATERS OF CERTAIN SHAREHOLDERS OF DISTRIBUTING CORPORATION FROM ONE DITCH, WITH INTAKE ON RIVER, TO ANOTHER, IS NOT CHANGE OF PLACE OF DIVERSION REQUIRING APPLICATION TO STATE ENGINEER. Where defendant corporation owned all of waters of river below intake of its ditch A, and distributed them to its shareholders through ditches A, B, and C, transfer of waters of certain shareholders from ditch C to ditch A, held not change

of place of diversion of waters, which by statute requires application to and hearing before state engineer.

2.  APPEAL AND ERROR—ADMISSION IN EVIDENCE OF BY-LAW OF CORPORATION IF ERRONEOUS NOT PREJUDICIAL WHERE OTHER EVIDENCE ESTABLISHED POLICY ANNOUNCED.  Admission in evidence of by-law of defendant irrigation corporation, permitting change of share of water belonging to any shareholder from one ditch to another on proper application, if erroneous was not prejudicial, where fact that such transfers were made was established by other evidence.

3.  WATERS AND WATER COURSES—IRRIGATION CORPORATION PROPERLY ENJOINED FROM DELIVERING WATER BY OLD DITCH, HAVING PERMITTED SHAREHOLDERS TO CONSTRUCT LATERALS TO ANOTHER DITCH, AND ABANDON OLD DITCH AND ITS LATERALS.  Where defendant irrigation corporation granted application of certain of its shareholders to have their waters delivered through H ditch rather than through A ditch, judgment enjoining threatened transfer back to A ditch was proper, where defendant after it made transfer stood by and permitted plaintiffs to construct new laterals and allow their old ditch and laterals to become filled up.

4.  WATERS AND WATER COURSES—IRRIGATION CORPORATION PROPERLY ENJOINED BY SHAREHOLDERS FROM TRANSFERRING UNFIT WATER INTO DITCH.  Defendant irrigation corporation was properly enjoined from transferring waters of certain of its shareholders back to ditch from which they had formerly received their share, where waters flowing through former ditch were so highly mineralized as to be unfit for use.

5.  WATERS AND WATER COURSES—IRRIGATION CORPORATION PROPERLY ENJOINED FROM TRANSFERRING WATER OF SHAREHOLDERS BACK TO FORMER DITCH, WHERE UNDER BY-LAWS AND CUSTOM MEMBERS WERE PERMITTED TO TRANSFER THEIR WATER.  Defendant irrigation corporation was properly enjoined from transferring waters of certain of its shareholders back to ditch from which they had formerly received their share, where under by-laws and uniform custom of defendant such transfers had always been permitted on application and payment of expense by shareholders.

Appeal from District Court, Seventh District, Emery County; *J. H. Erickson*, Judge.

Suit for injunction by William Arnold and others against

the Huntington Canal & Reservoir Association. Judgment for plaintiffs, and defendant appeals.

AFFIRMED.

A. H. *Christenson*, of Manti, for appellant.

B. W. *Dalton*, of Price, and *Cheney, Jensen, Martineau & Stephens*, of Salt Lake City, for respondents.

FRICK, J.

This is an appeal from the district court of Emery county. The facts alleged in the complaint and found by the court, in substance, are:

That the defendant is a corporation created and existing for the purposes of appropriating, acquiring, storing, and holding water, and to distribute the same to its members or stockholders for irrigation, power, domestic, and culinary purposes in Emery county, Utah; that the plaintiffs herein, and their predecessors in interest, ever since the organization of said corporation, hereinafter called defendant, have been and now are owners of certain shares of water stock issued by the defendant, and that each of them is entitled to the use of a certain quantity of water, the amount of which is specifically stated in the complaint and in the findings; that the defendant has acquired and controlled certain water from a certain stream known as the Huntington river, and also owns the water that is stored annually in a reservoir, all of which water is conveyed through said Huntington river to the ditches owned by the defendant and the laterals owned by its members, and is distributed to the plaintiffs and other members and stockholders of the defendant; that the defendant owns and controls three ditches or canals commonly known as the Huntington canal, the North ditch, and the Avery ditch; that during the low-water season of each year all of the water stored in the reservoir aforesaid has been conveyed through said Huntington river to said Hunt-

ington canal, and through said canal and said North ditch, both of which are higher up the stream than the Avery ditch, to the water users; that during the low-water season of each year the water that is obtained by the users of water through the Avery ditch is seepage water which, the court found, "seeped through alkali swamps and washed over alkali beds and lands saturated with alkali, and thereby became highly mineralized and unfit for use for irrigation, domestic or culinary purposes"; that during the low water periods the members using water under the said Avery ditch have not received their just proportion of the head and reservoir waters to which they are entitled; that in past years from time to time applications have been made by the members to the defendant for "permission to transfer the waters," to which the members are entitled from the Avery ditch to the other ditches aforesaid higher up the stream, and that said defendant has granted said applications for transfer and has transferred the use of water from the Avery ditch to the other ditches aforesaid; that on the 20th day of March, 1920, the plaintiffs herein made application to the defendant to have the water represented by their stock transferred from the Avery ditch to the Huntington canal; and that said applications were thereafter granted and the right to the use of the water owned by the plaintiffs was transferred from the Avery ditch to the Huntington canal.

The court further found:

"That in pursuance of said transfer the plaintiffs expended $2,500 in the construction of an irrigation canal leading from the Huntington Canal Company ditch to the lands and property owned by the plaintiffs, and that for some time past, to wit, since July 1, 1922, the waters owned by the plaintiffs and represented by the shares of stock in said company as above alleged have been conveyed through and transferred by said newly constructed ditch from the Huntington Canal Company ditch to the lands of the plaintiffs. That, acting by reason of transfer of their waters as above set forth, the plaintiffs have abandoned and ceased to use the said Avery ditch, and the same has become filled up and would require $2,500 for the cleaning and removing the rubbish from said Avery ditch.

"That the defendant company is the owner of the water conveyed through the Huntington Canal Company ditch, and the

North ditch and the Avery canal; that the Huntington Canal Company ditch and the North ditch are higher up the stream than is the Avery ditch. That proper and full arrangements were made with the Huntington Canal Company for the conveyance of the waters of plaintiffs through said ditch, and the defendant company was duly and regularly notified of the same.

"That the defendant company has for many years last past during the low-water periods of each and every year placed a tight dam at the North ditch intake, which would permit very little, if any water at all, to flow by it to the dam of the Avery canal, and that said defendant company has not permitted the main waters and reservoir waters to pass by the said close dam and run to the dam of the Avery canal. That the only waters that have reached, during the low-water periods, the Avery dam have been seepage and highly mineralized waters, unfit for culinary, domestic, or irrigation purposes.

"That the defendant company has threatened and does now threaten, and will, if not restrained by this court, transfer plaintiffs' right to use water into the Avery ditch, and said defendant will attempt to and will force these plaintiffs to use the seepage water, and will not permit plaintiffs to receive their proportion of the head waters and reservoir waters, and will cause the work in the construction of said ditch to become valueless, unless restrained by this court, and if the defendant commits the acts complained of and threatened, these plaintiffs will suffer great and irreparable injury and damage.

"That the plaintiffs have no plain, adequate, or speedy remedy at law."

In view of the court's finding that the averments contained in the answer of the defendant were not sustained by the evidence, we have refrained from referring to the answer. The court's findings are amply supported by the evidence. Indeed, the findings could have been stronger for plaintiffs in some respects.

Upon the foregoing findings the court made its conclusions of law in favor of plaintiffs' contentions, and entered judgment confirming the right of the plaintiffs to have the water to which they are respectively entitled delivered to them through the Huntington canal instead of through the Avery ditch, and enjoined the defendant from transferring the use of the plaintiffs' water back to the Avery ditch through the Huntington canal, which, it is found, the defendant threatened to do.

The court's findings of fact are not assailed as not being supported by the evidence, but defendant's counsel insists that both the findings and conclusions are contrary to law. Counsel's contention, as we understand him, is to the effect that the transfer of the water permitted by the court is in effect a change in the place or point of diversion, and that neither the defendant nor the court had the power or authority under the law to make the transfer, without a proper application to the state engineer, and upon due notice and hearing of such application. Indeed, about all of counsel's argument is directed to that question.

The evidence is clear and explicit that no one except the defendant owns or controls, or is interested in, any of the waters of the Huntington river and the waters stored in the reservoir aforesaid below the intake of the Huntington canal, and that the other two ditches, namely, the North ditch and the Avery ditch, are below the Huntington canal. The defendant and its members, including the plaintiffs, are therefore the only persons who are interested in the transfer, distribution, and delivery of the water owned by the defendant. The evidence also discloses that the water here in question has been adjudicated by the courts, and that no one is complaining, or can legally complain of the manner in which the defendant conveys its water, or through which ditch it takes and delivers the same to its members and water users, so long as each member or stockholder obtains the amount of water he is entitled to, and obtains it where he can put it to the use contemplated by him. Moreover, there is abundant evidence to the effect that the defendant in years past has transferred the delivery of water from one ditch to another upon the application of the members in accordance with the following by-law:

"Article 13. If at any time any shareholder wishes to change his or her water from one ditch into another canal or ditch they can do so by him or her applying to the board of trustees; provided, they collect all expenses caused by such change."

Some contention is made by the defendant's counsel that the foregoing by-law was not properly admitted in evidence.

As to that, it is sufficient to say that, even though counsel's contention were conceded, it nevertheless could not avail him. The fact that such transfers of water were made by the defendant is established beyond dispute. The by-law therefore merely shows that such had been the policy and custom of the defendant upon which all of the members had acted. No prejudice, therefore, could have resulted, and none did result, to the defendant by reason of the court's ruling in that regard.      1, 2

In this connection it must also be remembered that the defendant controlled all of the water in the Huntington river at and below the Huntington canal, including the waters stored in its reservoir, and that, while there was another large ditch, and perhaps several smaller ones, through which water was diverted from the Huntington river higher up on that stream than the Huntington canal, yet none of these ditches or the water users therefrom had the slightest interest or concern in the transfer made by the defendant from one of those ditches to another; nor were they in any way or to any extent affected by such transfer. The case therefore is not one which involves a change of the place of diversion by a water user of a stream where other users of water from the same stream are or can be affected. The defendant always had diverted water from the Huntington river since its organization many years ago through the Huntington canal, and therefore what was in fact accomplished by the transfer of water from the Avery ditch to the Huntington canal was merely to increase the flow somewhat through the Huntington canal. Whether the defendant caused more or less water to flow, through that canal to accommodate its members did not, and cannot, constitute a change of the place of diversion as contemplated by our statute.

So far as the facts of the instant case are concerned, it therefore is a case where an appropriator of water owns and controls the entire water of a particular stream, and where he diverts and delivers it where it is most convenient to those who are entitled to the use of the water. With what

happens to the water which is diverted below the ditches higher up on the Huntington river, to which we have referred, the owners and water users of those ditches are not concerned in the slightest degree. So far as they are concerned, it might run to waste or be used in any ditch or for any purpose without interfering with their rights.

For the reasons stated, therefore, the question here presented is not, as counsel contends, a change of place of diversion of water from a stream or other natural source in which water more than one owner is interested. The facts of this case are more nearly analogous to those in the case of *Moyle* v. *Salt Lake City,* 50 Utah, 357, 167 P. 660, where this court held that, as between the water user and the corporation distributing the same, the water user has a right to have the place of delivery changed from a place where he can no longer use it to another place where he can use it, if by making the change others are not injured, and the delivery can be made without inconvenience or cost to the distributer of the water. That is precisely the case here.

Nor is this a case, as defendant's counsel contends, where by the transfer of water from the Avery ditch to the Huntington canal other members of the defendant are affected. In that connection counsel contends that, in view that there is a tight dam placed in the Huntington river at the north ditch, much of the water diverted by that ditch seeps through the soil and finds its way back into the stream below the North ditch and above the Avery ditch, and that in that way some of the water is wasted. It is also true that in the low-water season the state of the water is such that the quantity of each water user must be diminished, so that each one receives his proportion of the water in accordance with the rights of each. As counsel contends, if the water that seeps through the soil and flows back into the Huntington river below the North ditch and above the Avery ditch were used from the Avery ditch, then the other water users higher up the stream would be entitled to the use of water equal in amount to that which now seeps through the

soil below the North ditch and is wasted. Counsel, however, overlooks the all-important fact that the members of the defendant, as water users, stand on precisely the same footing, and that each one is entitled to his proportion or pro rata share of water that is fit for irrigation and domestic and culinary use. There are no primary or secondary rights with regard to those water users. If counsel's contention should prevail, the members receiving water out of the Huntington canal and the North ditch would obtain the use of water which is fit for the purposes aforesaid, while those farther down the stream would have to be content with water that is totally unfit for use. The lower water users would thus be deprived of the use of water. Only a part of defendant's members would thus be served with water responding to their needs. If, therefore, there is seepage water, which, through no fault of the lower water users, is made unfit for use, and for that reason must be permitted to run to waste, each one of defendant's members must bear his proportionate share of the loss. No other conclusion is permissible or defensible.

At first blush the writer was under the impression that this was a case where the court was asked to interfere with the internal affairs of a corporation. Upon only slight reflection, however, he became convinced that such is not the case, and that the district court has kept well within its powers and jurisdiction in granting the relief prayed for by the plaintiffs. The district court did no more than to prevent what might develop into a serious wrong to some of the lower water users. As I view it, the judgment is unassailable for at least four reasons: **3, 4** (1) Because the defendant after it had made the transfer stood by and permitted the plaintiffs to expend large sums of money, to wit, $2,500, in constructing new laterals through which they intended to use the transferred water from the Huntington canal, instead of from the Avery ditch; (2) because the plaintiffs had to and did abandon their old laterals and the Avery ditch, which it would now require an additional expenditure of $2,500 to restore; (3) because the

water which reaches the Avery ditch through seepage, and what little flow's in the Huntington river below the North ditch as aforesaid, becomes greatly mineralized and unfit for use, and thus unavoidably ceases to be a part of the water that is distributed by the defendant to its members; and (4) because, under the by-laws and the uniform practice and custom of the defendant, the members, upon their application, have always been permitted to transfer the use of water from one ditch to another upon the condition that the applicants should pay the expenses incidental to such transfers, and that the ditches would carry or could be made to carry the transferred water.

While there are other assignments, some of which are argued, yet none of them is of sufficient importance to require special consideration. After a careful consideration of the evidence, and the record of the proceedings had before the district court, we are forced to the conclusion that the judgment is right; that neither the defendant nor any of the water users has been prejudiced in any respect; and that the judgment therefore should be affirmed with costs.

Such is the order.

WEBER, C. J., and GIDEON and CHERRY, JJ., concur.

THURMAN, J., did not participate herein. Four Justices only.