## SYRETT v. TROPIC & EAST FORK IRR. CO. et al.

No. 6062.   Decided April 20, 1939.   (89 P. 2d 474.)

*H. D. Lowry, Carlos J. Badger,* and *Gordon R. Strong,* all of Salt Lake City, for appellant.

*Larson & Larson,* of Manti, for respondents.

WOLFE, Justice.

The principal question to be determined by this court on this appeal is: Does a stockholder in a mutual irrigation company who wishes to change the point at which he receives his water from the company's irrigation canal, and use the

water to irrigate different lands than those which have theretofore been irrigated by such water, have to make application to the state engineer under the provisions of Section 100-3-3, R. S. U. 1933, as amended by Chapter 130, Laws of Utah 1937?

The facts are: Appellant Syrett is a stockholder in respondent irrigation company, having purchased 620 shares of stock. He is also the owner of about 1,100 acres of land near what is known as Ruby's Inn on the edge of Bryce Canyon in southern Utah. Respondent, The Tropic & East Fork Irrigation Company, is a mutual irrigation company supplying water to its stockholders in the vicinity of Tropic, Utah. The company takes its water out of the East Fork of the Sevier River about three miles from appellant's property. The water is taken from the river by means of a diversion dam and thence conducted in a canal across a rather level plateau from the diversion point to the edge of Bryce Canyon, a distance of about six miles. The water then drops down what is known as Water Canyon and into Tropic Valley below. Here the water is divided, part taken to the east to what is known as Lossee Valley and the rest to the town of Tropic. This entire system, from the point of diversion from the Sevier River to the lands on which the water is actually used, is owned and used exclusively by the Tropic and East Fork Irrigation Company on behalf of its stockholders. No independent appropriators are interested in the water after it is once taken from the Sevier River, nor in the canal and laterals which carry the water to the stockholders. The canal carries the water through appellant's land for a distance of about three miles along the top of the plateau before the water drops into Water Canyon.

Appellant is seeking to take the water from the canal at some point on his property and use the water, to which his stock entitles him, to irrigate his land on the plateau. The water which appellant seeks to use on this land, by virtue of his ownership of 620 shares of stock in respondent irrigation company, was formerly used on land somewhere in the valley

below by other individuals. The respondent company claims that appellant is seeking to change the "place of diversion or use" within contemplation of Section 100-3-3, R. S. U. 1933, as amended by Chapter 130, Laws of Utah 1937, and therefore must make application to the state engineer. The above section, as amended, reads, in part, as follows:

"Any person entitled to the use of water may change the place of diversion or use and may use the water for other purposes than those for which it was originally appropriated, but no such change shall be made if it impairs any vested right without just compensation. Such changes may be permanent or temporary. * * * Both permanent and temporary changes of point of diversion, place or purpose of use of water including water involved in general adjudication or other suits, shall be made in the manner provided herein and not otherwise.

"No permanent change shall be made except on the approval of an application therefor by the state engineer."

It further provides:

"Any person holding an approved application for the appropriation of water may in like manner, either permanently or temporarily, change the point of diversion, place or purpose of use. The determination of the state engineer shall be final, unless an action to review his decision is filed within the time and in the manner provided by section 100-3-14.

"Any person who changes or who attempts to change a point of diversion, place or purpose of use, either permanently or temporarily without first applying to the state engineer in the manner herein provided, shall obtain no right thereby and shall be guilty of a misdemeanor, each day of such unlawful change constituting a separate offense, separately punishable."

The court granted a non-suit at the close of plaintiff's case on the ground that plaintiff should have made application to the state engineer. The court said that "on the jurisdictional matter the court is inclined to grant the non-suit, and on that ground alone."

After carefully analyzing the statute, we have come to the conclusion that the lower court did have original jurisdiction in this particular case and therefore should not have granted a non-suit. A change of "place of diversion or use" as con-

templated by Section 100-3-3, as amended, does not take place where a stockholder in a company seeks to change the point of delivery of the water to which he is entitled from the company's canal or lateral, where no other independent appropriators than the irrigation company have an interest in the canal or water. A diversion, as contemplated by our statute, takes place when water is taken from a stream or canal in which more than one person has independent rights as an appropriator. For the purposes of the above statute an irrigation company stands as an appropriator to protect the rights of its stockholders. And within the irrigation system—commencing from the point where the company has exclusive ownership, control, and use of the water and the means or instrumentalities by which it is conveyed—a change of "place of diversion or use" does not take place where a stockholder wishes to have the water to which he is entitled delivered at a different point for use on different lands—at least as long as the nature of the use is the same. Section 100-3-3, as amended, does not contemplate that in order for a stockholder in an irrigation company to use water on new or different lands which he might have purchased or leased within or servable by the irrigation system, or to take the water at a different point on the company's canal or lateral, he must first make application to the state engineer. Water stock in an irrigation company often changes hands, and the owner thereof may use the water on different lands from year to year without any objection on the part of the company and without making any application to the state engineer for such change. He may lease his water to another who will use the same on different lands, or he may sell it free and apart from the land on which he has used it.

The only parties who are interested in the subject matter of this suit, or who will be affected by the outcome thereof, are the stockholders in respondent company. There is nothing involved in this litigation except the intermanagement

of an irrigation company. The situation would be entirely different if the appellant, or the irrigation company, desired to go somewhere along the Sevier River and change the point at which the water is taken from the river. There the rights of other independent appropriators would be involved, and the state engineer would have jurisdiction because of a change of the point of diversion. But for the purposes of Section 100-3-3, as amended, an irrigation company stands as a single appropriator of all the water to which its stockholders are entitled. As such it may build canals or laterals to convey the water to its stockholders and may permit its stockholders to take the water, to which such stockholder is entitled, at any point along its canal or one of its laterals. If a stockholder desires to make such a change, and the company refuses to let him, a court has original jurisdiction to hear an action brought by the stockholder to enforce his alleged rights.

Respondent contends that if appellant is permitted to take water from the company's canal at any point before the water reaches the valley where most of the stockholders use the water, then any person owning stock may require the company to deliver the water to which such stockholder is entitled at some distant point along the canal, to the end that stockholders in the valley will suffer. This contention has no application whatever on this appeal. The trial court has yet to determine the rights of the respective parties. All that we hold in this case is that appellant properly brought his action in the district court and was not required to make application to the state engineer.

The case of *Arnold* v. *Huntington Canal & Reservoir Ass'n*, 64 Utah 534, 231 P. 622, supports the views herein enunciated.

The decision of the lower court is therefore reversed and the cause remanded with instructions for the trial court to proceed in accordance with the views herein expressed. Costs to appellant.

MOFFAT, C. J., and LARSON, McDONOUGH, and PRATT, JJ., concur.