SYRETT v. TROPIC & EAST FORK IRR. CO. et al.

No. 6316.   Decided May 22, 1942.   (125 P. 2d 955.)

Rehearing Denied July 3, 1942.

See 67 C. J. Waters, sec. 999; 30 Am. Jur., 643.

*Lewis Larson,* of Manti, for appellants.

*Carlos J. Badger,* of Logan, and *H. D. Lowry,* of Salt Lake City, for respondent.

## McDONOUGH, Justice.

Respondent commenced an action of mandamus in the District Court to compel appellant, Tropic and East Fork Irrigation Company, to deliver to him, as a stockholder in said corporation, the water to which he was entitled on certain lands located along the company's diversion canal. The case came before this court on an appeal from a judgment of nonsuit, based on jurisdictional ground, in favor of the Irrigation Company. We reversed the trial court's decision and sent the cause back for further proceedings. 97 Utah 56, 89 P. 2d 474.

On further trial of the cause, the trial court determined the issues in favor of respondent and entered its findings and conclusions and decree based thereon, from which judgment the company has taken this appeal. The errors relied on for reversal assail the various findings of fact, together with certain conclusions of law based thereon. As we understand appellant company's position, it contends that under its articles of incorporation it is not authorized to deliver water to respondent at the point along the canal where he seeks to take out the water to which he is entitled; and further that there has been no such course of dealing between appellant company and respondent, nor any conduct on the part of the corporation, which would estop it from relying on its articles of incorporation as a defense to respondent's action; that as a stockholder in appellant corporation respondent is bound by its purposes as expressed in said Articles and is, therefore, not entitled to the relief sought.

That part of the Articles of Incorporation which it is claimed supports appellant's position reads:

"The object of this Corporation is to construct a canal from the East Fork of the Sevier River to Tropic and to keep the same in repair for the conducting of the water from said stream to the Town of Tropic also to control the water of Bryce Canyon for culinary and irrigation purposes for said Town."

The latter part of the above quotation dealing with "the water of Bryce Canyon" is immaterial here since it in no way defines the purpose for which the corporation was organized in regard to waters appropriated from the East Fork of the Sevier, the waters here involved.

The only other provision which has a bearing on what the purposes of incorporation were is Article XI which provides that the water shall be by the directors divided "to each person according to his stock as a dividend."

We see nothing in these provisions which would restrict the activities of the appellant corporation to the distribution of water to the immediate vicinity of Tropic. True the

quoted object provision interpreted literally would limit the activities of the corporation to building and repairing the canal, but read in the light of the obligation of the corporation to distribute the water therein conducted to its stockholders in proportion to stock ownership, such article must be held to encompass such function. Appellant does not argue the contrary. Indeed, in view of the conveyance to the corporation by stockholders of water rights in return for stock, and the uniform conduct of the corporation in distributing water to them in accordance with such ownership, no such contention could be sustained. What appellant does maintain is that it has no power to deliver water elsewhere than in the vicinity of the town of Tropic; or, in any case, no authority to deliver it to the plateau land upon which plaintiff demands it. This position is clearly not tenable, for if it be conceded that the power to distribute water to stockholders is conferred by the articles, we must conclude that no such limitation is imposed by either of the quoted provisions. The fact that the canal to be built from the East Fork of the Sevier River to Tropic and be kept in repair "for the conducting of water to the Town of Tropic," in no way negatives authority to distribute the water elsewhere than at or near its terminus. And since under Article XI the water is to be divided to each person, without specifying where he is to receive it, it would appear that a stockholder should be entitled to receive his proportionate amount of water at any reasonable point along the canal system.

Evidence was introduced below which supports such construction of the articles relative to the manner in which the corporation conducted its affairs with reference to point of distribution of the water to the various stockholders.

There is substantial testimony on behalf of respondent, R. C. Syrett, that in the past appellant company has conducted itself as having authority to distribute water on the plateau or at any other point along its system. The evidence reveals that on several occasions water was distributed to

stockholders on the plateau; that some of its water was sold outright to the Utah Parks Company, a competitor of respondent's in the tourist business at Bryce Canyon; that on one occasion the company, through its president and secretary, wrote to the U. S. Land Office to the effect that

"Not interfering with any right of the company stockholders have and are allowed to draw their water and use the same"

upon land settled on the plateau. Further,

"the company takes the stand that each stockholder may use his water upon any land *embraced within any part of the whole system,* so long as they do not infringe upon any company right and each bears his equal share of assessment." (Italics added.)

While there is conflicting evidence to the effect that the company has in the past considered that it had no authority to distribute water outside of Tropic valley, nevertheless we cannot say that the trial court erred in finding that the company did distribute water at various times to stockholders on land located on the plateau.

The trial court, without specifically finding delivery of water on the plateau to be ultra vires, concluded from such evidence that appelant was estopped to assert its want of power in this respect. Having found the plea of ultra vires not supportable we need not consider whether the facts found are such as to work an estoppel.

Without discussing in detail the several assignments of error to the effect that certain findings are without support in the evidence, it is sufficient to state that as to those findings requisite to support the judgment, they are without merit. The judgment of the lower court is affirmed. Costs to respondent.

MOFFAT, C. J., and WOLFE and LARSON, JJ., concur.

PRATT, J., not participating.